IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tracie Fludd, | ) | C/A No. 3:13-2635-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richland County EMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Tracie Fludd, filed this employment case alleging race discrimination and retaliation pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; against her former employer, Richland County EMS. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 18.) Fludd filed a response in opposition (ECF No. 23), and the defendant replied (ECF No. 25). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion for summary judgment should be granted.

**BACKGROUND**

The following facts are either undisputed or are viewed in the light most favorable to Fludd, to the extent they find support in the record. Fludd is an African-American female who was employed by the defendant as an emergency medical technician ("EMT") from August of 1999 until December 13, 2012 when she resigned from her position. Prior to her resignation, Fludd filed two charges of discrimination against the defendant. The first charge, filed on March 17, 2012, alleged

age discrimination based on discipline Fludd received on February 7, 2012. This disciplinary action—a written reprimand by the defendant—followed an accident on February 1, 2012 in which an ambulance Fludd was backing came into contact with a bay door. In May of 2012, Fludd agreed to resolve the charge regarding the backing incident and the South Carolina Human Affairs Commission closed its file on May 24, 2012.

Fludd's second charge, filed with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2012, alleged discrimination based on race and retaliation. This charge alleged that: (1) the defendant disciplined Fludd on August 1, 2012, for being one minute late to work; (2) an immediate supervisor, Major William Young, refused to communicate with Fludd in a professional manner between August 2, 2012 and September 13, 2012; and (3) the defendant denied Fludd a "regular rotation" and assigned her to ride with a hostile white male employee, Robert Howe, between August 24, 2012 and September 13, 2012. Fludd's Complaint further asserts that she was reprimanded by the defendant for speeding on July 27, 2012, and placed on probation for speeding violations on August 1, 2012. After receiving a right-to-sue letter for her second EEOC Charge, Fludd filed this action.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks and citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Burden Shifting Framework in Employment Cases**

A plaintiff may demonstrate discrimination through direct or circumstantial evidence. When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden-shifting framework. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510,



520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas framework—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks and citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005) (Title VII & 42 U.S.C. § 1981). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer



unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

**C.    Fludd's Claims**

    **1.    Title VII**

        **(a)    Administrative Exhaustion and Timeliness**

As an initial matter, the defendant notes Fludd's references in the Complaint to her age, diabetic child, and assignment to work with an employee (Howe) known to sexually harass women.[1] However, the defendant argues that any claim based on age, disability, or sexual harassment raised by Fludd are procedurally and jurisdictionally barred because they have not been administratively exhausted. The court agrees.

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.

---

[1] Although Fludd references a hostile work environment in the Complaint (ECF No. 1 at 4), no such claim has been raised in this action.



2000); see also 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f).

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge' ") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith, 202 F.3d at 247 ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.

1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

Moreover, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994) (Title VII). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (Title VII).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012). The United States Court of Appeals for the Fourth Circuit has discussed the parameters for when different unlawful employment practices are considered "reasonably related" to those raised in an administrative charge. For example, "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,'" the charges are reasonably related and may be advanced in a subsequent civil suit. Id. (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir.1981)). Similarly, courts have permitted a claim raised

in litigation that was not specifically described in the administrative charge to go forward "where both the EEOC charge and the [federal] complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." Id. (citing Smith, 202 F.3d at 248). On the other hand, when the claim raised in the district court litigation involves a different *form* of unlawful employment practice than the one described in the administrative charge, courts have found the claim not to be administratively exhausted. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (finding that claims of age, sex, and race discrimination were not exhausted where a charge alleged only retaliation); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (finding that claims of sex and color discrimination were not exhausted where a charge alleged only racial discrimination); Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that claims of sexual harassment and retaliation were not exhausted where a charge alleged only gender discrimination).

With regard to Fludd's first charge, which alleged age discrimination associated with the February 2012 backing accident, Fludd concedes that she agreed to resolve that claim through mediation with the defendant. (Compl. ¶ 10, ECF No. 1 at 3; Fludd Dep. at 19-20, ECF No. 18-3 at 20-21.) Fludd further admits that the South Carolina Human Affairs Commission closed its file concerning that charge of discrimination in May of 2012. (Fludd Dep. at 21:8-22, ECF No.18-3 at 22.) As argued by the defendant, a charge of discrimination that has been resolved or withdrawn cannot be the basis of a subsequent lawsuit under Title VII. See Mahomes v. Potter, 590 F. Supp. 2d 775, 794 (D.S.C. 2008). Further, the court notes that Fludd filed the instant Complaint more than ninety days after receipt of the May 2012 letter from the state Human Affairs Commission notifying her that the age discrimination claim had been administratively closed. (S.C. Human Affairs

Commission Letter, ECF No. 18-3 at 90.) Thus, to the extent Fludd asserts that she received a final determination from the state Human Affairs Commission and did not voluntarily withdraw her age discrimination charge (Fludd Dep. at 21:19-22, ECF No. 18-3 at 22), such a claim is untimely and Fludd presents no argument to justify equitable tolling. See 42 U.S.C. § 2000e-5(f)(1) (providing a ninety-day limitations period within which to file suit after receipt of notification that a civil action may be commenced); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (holding that to avail herself of equitable tolling, a plaintiff must show: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time").

With regard to Fludd's second EEOC Charge alleging discrimination based on race and retaliation for having filed her age discrimination claim (EEOC Charge, ECF No. 18-3 at 86), Fludd failed to check the boxes for age, sex, or disability, nor did she include such allegations in the narrative section of the EEOC form. See Evans, 80 F.3d 954, 962-63 (4th Cir. 1996); see also Jones, 551 F.3d at 300. Accordingly, to the extent Fludd alleges claims under Title VII for discrimination based on sex, age, or disability, the court finds that such claims are barred and the defendant's motion for summary judgment should be granted as to those allegations.

### (b)     Disparate Treatment Based on Race

The elements of a *prima facie* case of discrimination based upon racially disparate treatment are: (1) membership in a protected class; (2) adverse employment action; (3) satisfactory job performance; and (4) different treatment from similarly situated employees outside of the protected class. See Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).

PJG

To the extent Fludd asserts disparate treatment based upon the instances of alleged adverse action identified in the EEOC Charge, she cannot establish a *prima facie* case, as she presents no evidence that any similarly situated person outside of her protected class was treated differently. Specifically, she has not identified any comparators that are similarly situated to her in all relevant respects. See Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992) (Title VII and ADEA) (defining "similarly situated");[2] see also Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010) (stating that "plaintiffs are required to show that they are similar in all relevant respects to their comparator"). Although Fludd provides numerous references to other employees whom the defendant allegedly treated less harshly, she fails to identify any similarly situated white employee that engaged in the same conduct as Fludd, without mitigating circumstances, who was treated differently by the defendant. Moreover, even if a specific white comparator had been identified, Fludd fails to offer any evidence as to whether such an individual would be similarly situated to Fludd so as to permit a valid comparison. See, e.g., Causey v. Balog, 162 F.3d 795, 801-02 (4th Cir. 1998) (holding that where race- and age-based animosity could be shown through differential treatment of similarly situated employees, plaintiff's conclusory statements that his employer "treated him less favorably than younger black and white employees of similar rank," "without specific evidentiary support, cannot support an actionable claim"); Corley v. Louisiana ex rel. Div. of Admin., Office of Risk Mgmt., 816 F. Supp. 2d 297, 316 (M.D. La. 2011) ("In the context of a

---

[2] The Fourth Circuit has not issued a published case on this point; however, the following unpublished cases have cited with approval the Mitchell decision: Atkins v. Holder, 529 F. App'x 318, 321 (4th Cir. 2013); Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010); Forrest v. Transit Mgmt. of Charlotte, Inc., 245 F. App'x 255 (4th Cir. 2007); Heyward v. Monroe, 166 F.3d 332, 1998 WL 841494, at *2 (4th Cir. 1998); Edwards v. Newport News Shipbuilding & Dry Dock Co., 166 F.3d 1208, 1998 WL 841567, at *3 (4th Cir. 1998).



race discrimination claim where the plaintiff alleges that employees who were not members of the protected class received more lenient discipline for similar violations, the plaintiff must come forward with specific evidence of comparators who were similarly situated.") (citing Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259-60 (5th Cir. 2009)). Therefore, the defendant's motion for summary judgment should be granted as to this claim.

### 2. Retaliation[3]

Claims of retaliation are also analyzed under the McDonnell Douglas burden-shifting framework. Smith v. First Union Nat'l Bank 202 F.3d 234, 248 (4th Cir. 2000). Title VII makes it unlawful for an employer to retaliate against an employee for engaging in activity protected by the statute. See 42 U.S.C. § 2000e-3(a). The requisite elements for a *prima facie* case of retaliation typically include: (1) the employee engaged in a protected activity; (2) the employer acted adversely against him or her; and (3) there was a causal connection between the protected activity and the asserted adverse action. Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008); Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).

Assuming that Fludd could satisfy the first three elements of a retaliation claim, as argued by the defendant, she cannot show that any adverse employment action was causally connected to her engagement in protected activity. To prove a causal connection, a plaintiff asserting a retaliation

---

[3] The defendant argues that Fludd failed to include a retaliation claim in the portion of the Complaint alleging a violation of her rights under Title VII. (Defs.' Reply Mem. in Supp. of Mot to Dismiss or for Summ. J. at 5, ECF No. 25 at 5.) However, as Fludd alleged retaliation on the EEOC Charge and references retaliation in the § 1981 and § 1983 portions of her Complaint, the court will address them together because, however characterized, Fludd is required to demonstrate the same elements. See, e.g., Gairola v. Commonwealth of Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985) ("Under Title VII and either § 1981 or § 1983, the elements of the required prima facie case are the same.").



claim must be able to show that her employer took the adverse action " '*because* the plaintiff engaged in a protected activity.' " Holland, 487 F.3d at 218 (emphasis in original) (quoting Dowe v. Total Action Against Poverty in Roanoake Valley, 145 F.3d 653, 657 (4th Cir. 1998)). Further, a plaintiff must show that but for the protected activity, she would not have experienced the alleged adverse act. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533, 2534 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation," which means "a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

To demonstrate causation, a plaintiff must show that the employer was aware of the protected activity. See Shield v. Fed. Express Corp., 120 F. App'x 956, 962 (4th Cir. 2005) (citing Luckie v. Ameritech Corp., 389 F.3d 708, 715 (7th Cir. 2004)). In certain circumstances, temporal proximity between the protected activity and the adverse action can be probative of a causal connection. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (noting that to establish a causal connection based on temporal proximity alone, the time between the employer's knowledge of the protected activity and the adverse employment action must be "very close" and holding a twenty-month period to be insufficient).

In this case, Fludd's EEOC Charge asserts adverse actions by the defendant between August 1, 2012, and September 13, 2012. (EEOC Charge, ECF No. 18-3 at 87.) Fludd's Complaint further alleges that the defendant arbitrarily reprimanded her for speeding on July 27, 2012, and placed Fludd on probation for that offense on August 1, 2012. (Compl. ¶ 11, ECF No. 1 at 3.) However, Fludd has offered no evidence from which a reasonable jury could find that the alleged adverse actions are causally connected to the filing of her age discrimination charge over four months earlier



in March of 2012. See Breeden, 532 U.S. 273-74; Pascual v. Lowe's Home Centers, Inc., 193 F. App'x 229 (4th Cir. 2006) (*per curiam*) (holding that the plaintiff had failed to establish a causal connection by temporal proximity alone when "at least three to four months" separated the claimed protected activities and the termination of the plaintiff's employment). Further, the defendant presents evidence that Fludd's probation was based on numerous speeding violations. (Reports of Disciplinary Action, ECF No. 18-3 at 91, 93-99.) While Fludd alleges that the system used by the defendant to determine the speed, identification, and location of ambulances is "notorious for inaccuracies," (Pl.'s Mem. Opp'n to Summ. J. at 3, ECF No. 23 at 3), she does not dispute that she may have been speeding at the times, dates, and locations noted. (Fludd Dep. at 29:15-30:1, ECF No. 18-3 at 30-31.) Further, Fludd does not dispute that she reported late to work in August of 2012 when that the defendant issued a "report of disciplinary action" for tardiness. (Id. at 39:5-11, ECF No. 18-3 at 40; Report of Disciplinary Action, ECF No. 18-3 at 100.)

Fludd also fails to provide supporting evidence for her claims that Young treated Fludd unprofessionally in retaliation for filing an age discrimination claim. Instead, Fludd testified during her deposition that Young communicated with Fludd through a third party and never indicated that this arrangement had anything to do with Fludd's charge of discrimination. (Fludd Dep. at 45-47, ECF No. 18-3 at 46-48.) Fludd further testified that she did not recall whether she was assigned to work with Howe more than any other employee and admitted that she was occasionally allowed to work with a different employee upon request. (Id. at 69:3-5, 73:6-21, ECF No. 18-3 at 70, 74.) As such, Fludd cannot show a reasonable jury that she would not have been placed on probation, reprimanded for tardiness, assigned to ride with Howe, or addressed by Young through a third party "but for" her alleged complaints of discriminatory treatment. See Holland, 487 F.3d at 218.



Moreover, she has presented insufficient evidence to show that these proffered reasons were false or were otherwise a pretext for retaliation. See Merritt, 601 F.3d at 294. Therefore, the defendant's motion for summary judgment should be granted as to this claim.

3. **Claims under 42 U.S.C. § 1981 (Race Discrimination and Retaliation) and 42 U.S.C. § 1983 (Race Discrimination, Retaliation, and First Amendment Violation)**

The defendant argues that Fludd's claims of race discrimination and retaliation under § 1981 fail as a matter of law because that statute provides no private right of action against governmental entities and actors. The court agrees that § 1983 is the exclusive remedy against the defendant. See Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding that "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981'") (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989)). Second, as more thoroughly explained in the defendant's motion, Fludd's § 1983 claim against the defendant fails to demonstrate the violation of Fludd's rights by any policy or custom implemented by a final policymaker that could subject the defendant to liability under § 1983.[4] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (holding that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights only where the constitutionally offensive acts are taken in furtherance of some municipal policy or custom).

---

[4] As argued by the defendant, Fludd's claims under § 1981 would likewise fail against the former individually named defendants. (Defs.' Reply Mem. in Supp. of Mot to Dismiss or for Summ. J. at 1-2, ECF No. 25 at 1-2.) Further, because Fludd fails to demonstrate that the former individually named defendants are final policymakers whose decisions would subject the defendant to liability under § 1983, see Kirby v. City of Elizabeth City, 388 F.3d 440 (4th Cir. 2004); see also Reed v. Aiken Cnty., C/A No. 1:09-1744-MBS, 2010 WL 4238848, at *6 n.2 (D.S.C. Oct. 21, 2010), the defendant correctly argues that Fludd's claims against them under § 1983 would also be futile. (Defs.' Reply Mem. in Supp. of Mot to Dismiss or for Summ. J. at 2-4, ECF No. 25 at 2-4.)



Accordingly, the court concludes that the defendant's motion for summary judgment should be granted as to Fludd's claims raised pursuant to § 1981 and § 1983.

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion for summary judgment be granted (ECF No. 18).

									_____
									Paige J. Gossett
									UNITED STATES MAGISTRATE JUDGE

January 20, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).